IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE P. STOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 04-489 |
| | ) |
| WILLIAM E. FLAHERTY, DAVID CARPENTER, | ) |
| WILLIAM SMELAS, ROBERT SUNDERMAN and | ) |
| RONALD STATILE, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION
## and
# ORDER OF COURT

The Third Circuit Court of Appeals reversed this Court's Opinion and Order denying Plaintiff George Stoe's ("Stoe") Motion to Abstain under 28 U.S.C. § 1334 and remanded the action for further consideration. More specifically, the Third Circuit directed this Court to consider whether, under § 1334(c)(2), the proceeding on Stoe's state claim "'can be timely adjudicated [] in a State forum of appropriate jurisdiction.'" <u>Stoe v. Flaherty</u>, 436 F.3d 209, 219 (3d Cir. 2006), <u>quoting</u>, 28 U.S.C. § 1334(c)(2).[1] The Court declined to resolve the issue on the record before it, despite

---

[1] As stated by the Third Circuit court, "a district court <u>must</u> abstain if the following five requirements are met: (1) the proceeding is based on a state law claim or cause of action; (2) the claim or cause of action is 'related to' a case under Title 11, but does not 'arise under' Title 11 and does not 'arise in' a case under Title 11; (3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case; (4) an action 'is commenced' in a state forum of

the Defendants' contention that the fact that this Court had already resolved the underlying matter clearly demonstrated that the case could be more timely adjudicated in federal court than in state court.[2] The Court instructed that:

> timeliness in this context must be determined with respect to needs of the title 11 case and not solely by reference to the relative alacrity with which the state and federal court can be expected to proceed.

Stoe, 436 F.3d at 219.

The parties have briefed the issue and it is now ripe for resolution. As movant, Stoe has the burden of demonstrating that his claims can be timely adjudicated in state court. Id., at 219 n. 5. After careful consideration, I find that Stoe has discharged that burden. As to the "needs" of the title 11 case, Stoe has provided transcript excerpts from the bankruptcy proceeding indicating that the bankruptcy judge concluded that Stoe's claims under Pennsylvania's Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 2601 et seq. would not impact the bankruptcy proceeding. I find the bankruptcy judge's ruling in this regard persuasive on the issue of whether the "needs" of the Title 11 case would be better served if abstention were denied. Clearly, the bankruptcy court is not concerned with the length of time it takes to adjudicate Stoe's claims.

---

appropriate jurisdiction; and (5) the action can be 'timely adjudicated' in a state forum of appropriate jurisdiction." Stoe, 436 F.3d at 213. The Third Circuit court concluded that Stoe had satisfied the first four criteria for mandatory abstention but remanded the action for consideration of the issue of timely adjudication, as this Court had not yet considered that factor.

[2] This Court's ruling on the merits was in accord with the Third Circuit court's decision in Belcufine v. Aloe, 112 F.3d 633 (3d Cir. 1997) and, as the Third Circuit court noted, Stoe did not "seriously appeal" this determination. Stoe, 436 F.3d at 219.

The Defendants counter that the needs of the Title 11 case must also be considered from their perspective.  While they have not cited to any case law in support of their proposition, even if their argument were correct, I find that their "needs" do not merit a denial of abstention.  They have supplied an affidavit indicating that the bankruptcy proceeding is expected to close in either the first or second quarter of 2007. See Affidavit of Joshua Angel.  The Defendants contend that "[t]he closing of the bankruptcy proceeding prior to the resolution of this case will foreclose Defendants' ability to obtain relief on their indemnification claims against the estate of the bankrupt should they not successfully defend against Plaintiff's WPCL claims in state court." See Docket No. 36, p. 7.  I find this unpersuasive.  The Reorganization Plan contains a provision protecting the Defendants in the event that the bankruptcy closes prior to the resolution of Stoe's WPCL claims.  Section 8.04 provides:

> Distribution After Allowance
> To the extent that a Disputed Claim ultimately becomes an Allowed Claim, a Distribution shall be made to the holder of such Allowed Claim in accordance with the provisions of this Plan.  As soon as practicable after the date that the order or judgment of the Bankruptcy Court allowing any Disputed Claim becomes a Final Order, the appropriate Disbursing Agent shall provide to the holder of such Claim the Distribution to which such holder is entitled under the Plan.

Consequently, in the event that a state court proceeding does not resolve before

the bankruptcy proceeding concludes, the Defendants will be protected by § 8.04.[3] Accordingly, this factor weighs more heavily in favor of mandatory abstention.

As to the "relative alacrity with which the state and federal court can be expected to proceed," certainly the Defendants have a stronger argument. Were I to deny the Motion for Abstention, Plaintiffs' imminent loss on the merits would be a foregone conclusion. Yet this is not case dispositive for if it were, the Third Circuit court would not have remanded the action. Plaintiff represents that Clair Beckwith, who manages Calendar Control in the Court of Common Pleas of Allegheny County, Pennsylvania, indicated that a civil matter will be tried within six to eight months after it is placed at issue. See Docket No. 41, p. 4.[4] I note that, while the Defendants object to Stoe's lack of an affidavit supporting the representation, the Defendants do not dispute that this representation is accurate. The Defendants contend that "inevitable obstacles" to timely adjudication in the state proceeding would consist of "motions practice, preliminary objections, repleading, discovery combined with summary judgment briefing, scheduling of legal arguments, pre-trial procedures and final disposition." See Docket No. 36, p. 4. While in another case this argument might be persuasive, the Defendants have indicated their intent to file preliminary objections based upon the Third Circuit court's decision in Belcufine v.

---

[3] The Defendants contend that, given the decision on the merits, it is likely that their claim in the bankruptcy case would be valued at zero, see Defendants' Brief, p. 8, yet this is pure conjecture on their part. There is no evidence that their claims have been assigned a value at all.

[4] Stoe indicates that his efforts to obtain an affidavit confirming that data were unsuccessful and further that the Court of Common Pleas does not publish this type of data nor does the Allegheny County Bar Association track this type of data.

Aloe, 112 F.3d 633 (3d Cir. 1997).  I have no reason to believe that the Court of Common Pleas of Allegheny County will not find this decision as persuasive on the merits as did I.

Consequently, this **11th** day of October, 2006, after careful consideration, and for the reasons set forth above, it is Ordered that Stoe's Motion to Remand, or in the Alternative, to Abstain (Docket No. 8) is GRANTED.  The mandatory abstention provision of 28 U.S.C. § 1334(c)(2) is applicable here.  It is further ORDERED, that this action is REMANDED to the Court of Common Pleas of Allegheny County, Pennsylvania forthwith.  This case is closed.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge